MORRIS SWEENEY et al. v. STATE.

No. A-7581. Opinion Filed Feb. 7, 1931.
(296 Pac. 524.)

Crowe & Crowe and L. C. McLean, for plaintiffs in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiffs in error, for convenience referred to as the defendants, were convicted

in the county court of Garfield county of petit larceny; each was sentenced to pay a fine of $100 and costs, and be imprisoned in the county jail for a term of 30 days, from which judgment the defendants have appealed.

The testimony on behalf of the state shows that Arthur Anderson was driving along the highway from Covington to his home, on the 22d day of April, 1929, and saw a light down at an old abandoned place, and left his car on the highway and went down to near where the light was, and he saw the defendants working around a binder belonging to Henry Fiene, the prosecuting witness. The witness Anderson further testified he waited by the side of the road until the defendants came away from the binder to the road where his car was parked, and placed them under arrest, they had portions of the binder belonging to the prosecuting witness in their possession, and dropped them down by the side of the road. The defendants were taken to the home of the prosecuting witness Fiene, and then to Anderson's home, where they phoned for the sheriff and he came and took the defendants to jail.

The testimony further tends to show that the defendants were seen with a flash-light taking parts off of the binder which belonged to Henry Fiene.

The defendants deny they had anything to do with taking any parts from the binder and state they had been driving around in the oil field for the purpose of getting some pipe to be used by them on the farm. This is in substance the testimony.

Several errors have been assigned by the defendants as grounds for reversal. The only error that is deemed necessary to consider in this case is the sixth assignment, which is as follows:

"That the court erred in overruling plaintiffs in error's motion for a new trial."

There is a conflict in the testimony as to the guilt or innocence of the defendants. The testimony on behalf of the state is positive that the defendants were taking parts from the binder, and that they were arrested by the witness Anderson at the scene, or near where the binder was located, as they were coming from the binder to the highway. On the other hand, the defendants deny any connection with the binder. The owner of the binder and other parties went to where they claim the defendants returned to the highway, and there near the highway found certain parts which fit the binder of the prosecuting witness. Where there is conflict in the testimony, this court will not undertake to settle that question; that is a question within the exclusive jurisdiction of the jury, and in this case the jury found against the defendant.

There is some question raised in the record as to the action of the court, after the jury had retired to consider its verdict, but after a careful examination of the question raised it does not possess sufficient merit to warrant a reversal. The record shows that up to the time of this alleged offense the defendants were hard working young men, and had never been accused of any crime before. Considering the circumstances and evidence in the case, we believe the sentence imposed by the court upon the verdict of the jury is excessive, and that it should be modified from $100 and costs and 30 days in jail for each defendant, to a fine of $100 and costs, and as modified the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.